**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Deborah L Dobbin, Esq.

*Proposed Attorneys for Debra Kramer, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                    Chapter 7

BEGUM S. NASSA,                                             Case No.: 23-42961-nhl

                                    Debtor.
----------------------------------------------------------x

## APPLICATION FOR RETENTION OF THE LAW OFFICES OF AVRUM J. ROSEN, PLLC, AS ATTORNEYS FOR CHAPTER 7 TRUSTEE, EFFECTIVE AS OF DECEMBER 11, 2023

**TO:   HONORABLE NANCY HERSHEY LORD**
**        UNITED STATES BANKRUPTCY JUDGE**

Debra Kramer, the Chapter 7 Trustee (the "Trustee") for the Estate of Begum S. Nassa (the "Debtor"), respectfully submits this application seeking entry of an order retaining the firm of the Law Offices of Avrum J. Rosen, PLLC (the "AJR"), as attorneys for the Trustee, effective as of December 11, 2023, under Sections 105 and 327 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure and the E.D.N.Y. Local Bankruptcy Rules, and respectfully states as follows:

1.   On August 18, 2023 (the "Petition Date"), the Debtor commenced a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2.   Debra Kramer was appointed interim Chapter 7 Trustee of Debtor's bankruptcy estate and, by operation of law, became the permanent Chapter 7 Trustee of Debtor's bankruptcy estate.

1

3. According to the Automated City Register Information System maintained by the New York City Department of Finance, Office of the City Register ("ACRIS"), by deed dated January 28, 2019, and recorded on February 11, 2019, premises known as 58-64 43rd Avenue, Woodside, New York, Block 1333, Lot 80, in the Borough of Queens (the "Woodside Property") the Debtor transferred her 100% interest in the Woodside Property to Xiao Fei Chen for the sum of $1,500,000.00.

4. It appears from the Trustee's investigation that the Debtor transferred a portion of the sale proceeds of the Woodside Property to Alam Properties Inc. or its principal, who allegedly is a family member of the Debtor, which was used towards the purchase of the premises known as 84-08 129th Street, Kew Gardens, New York, Block 9249, Lot 15, in the Borough of Queens (the "Kew Gardens Property") in March of 2019. It appears from ACRIS that by deed, dated January 31, 2020, Alam Properties, Inc. transferred the Kew Gardens Property to Sumaiya Alam, the Debtor's daughter, for no consideration.

5. The Trustee requires counsel to assist the Trustee in the investigation of, among other things, the Debtor's transfer of a portion of the proceeds of sale of the Woodside Property to Alam Properties Inc. and the Debtor's interests in the Kew Gardens Property, as well as to commence any adversary proceedings, if necessary, to potentially liquidate or dispose of the Debtor's interests in the Kew Gardens Property for the benefit of creditors.

6. The Trustee selected AJR to be her counsel as the attorneys at AJR are familiar with bankruptcy law and are well-qualified to act in the capacity as attorneys for the Trustee.

7. It is necessary for the Trustee to employ attorneys to render professional services, which may include, but are not limited to the following:

    a) Assist the Trustee in the investigation of the Debtor's financial affairs, including potential assets of the Debtor and the disposition thereof;

    b) Assist and advise the Trustee on motions and hearings before the Bankruptcy

Court;

c) Conduct examinations of the Debtor, and other witnesses, in connection with the Trustee's investigation of the Debtor's financial affairs;

d) If appropriate, commence any adversary proceedings under the Bankruptcy Code in the event that it is necessary to recover property of the estate;

e) Advise the Trustee in connection with her statutory duties and prepare applications and motions as may be appropriate; and

f) Perform other legal services, which may be necessary to protect the interests of the estate.

8. To the best of the Trustee's knowledge, and based upon the annexed affidavit of Avrum J. Rosen, the attorneys at AJR have no connection with the Debtor, any other party in interest, or their respective attorneys.

9. To the best of the Trustee's knowledge, AJR represents no interest adverse to the Trustee or to the Debtor's estate in the matter in which it is to be engaged herein, and the employment of AJR would be in the best interests of the estate.

10. The Trustee seeks AJR's retention to be effective as of December 11, 2023, when a detailed review of the Debtor's case commenced.

**WHEREFORE**, the Trustee respectfully requests the entry of an order, substantially in the form of the proposed order annexed hereto, authorizing the retention of AJR for the Trustee, for which no previous application has previously been made.

Dated: East Hampton, New York
December 20, 2023

Respectfully submitted,

/s/ Debra Kramer, Chapter 7 Trustee
Debra Kramer, Chapter 7 Trustee
Debra Kramer, PLLC
10 Pantigo Road, Suite 1
East Hampton, New York 11937
Telephone: (516) 482-6300