**Rosen, Tsionis & Pizzo, PLLC f/k/a**
**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Deborah L. Dobbin, Esq.
*Attorneys for Debra Kramer, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                             Chapter 7

    BEGUM S. NASSA,                        Case No.: 23-42961-nhl

                    Debtor.
-----------------------------------------------------------x

**FIRST AND FINAL FEE APPLICATION OF ROSEN, TSIONIS & PIZZO, PLLC F/K/A LAW OFFICES OF AVRUM J. ROSEN, PLLC, AS COUNSEL TO CHAPTER 7 TRUSTEE FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO SECTIONS 327, 328 AND 330 OF THE U.S. BANKRUTCY CODE AND RULES 2002 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

To:    HONORABLE NANCY HERSHEY LORD
        UNITED STATES BANKRUPTCY JUDGE

        Rosen, Tsionis & Pizzo, PLLC f/k/a Law Offices of Avrum J. Rosen, PLLC, ("Law Firm"), counsel to Debra Kramer, Chapter 7 Trustee ("Trustee") of the Estate of Begum S. Nassa ("Debtor"), submits this as and for its application ("Application") seeking entry of an Order authorizing Law Firm's final allowance of compensation and reimbursement of out-of-pocket expenses incurred in its representation of Trustee in her administration of Debtor's estate, and respectfully represents as follows:

## SUMMARY

        1.    This Application is made under sections 327, 328 and 330, Title 11, United States Code ("Bankruptcy Code") and Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") for a first and final allowance of compensation for legal services

rendered by the applicant to the Trustee during the period from December 11, 2023 through March 24, 2025.

2. Law Firm, by and through this Application, seeks entry of a first and final order awarding: (i) professional fees in the amount of $13,035.40; and (ii) reimbursement of out-of-pocket expenses incurred in the amount of $33.77. The aggregate final fees and expenses sought in this case total $13,069.17.

3. The fees and expenses of Law Firm are more particularly described below and are set forth in Law Firm's time records ("Time Records"), a true and accurate copy of which is annexed hereto as "Exhibit A". Law Firm's Time Records have been provided in accordance with the guidelines established by the Office of the United States Trustee ("US Trustee").

4. By Order dated December 26, 2023 and entered on December 27, 2023, which appears on the Court's electronic docket at ECF Doc. No. 34, this Court authorized the Trustee to retain Law Firm, effective as December 11, 2023, under a general retainer, with all compensation subject to the entry of a further order of the Court ("Retention Order").

5. In support of the application for the Retention Order, counsel submitted an affidavit of no adverse interest. The attorneys at Law Firm who assisted and provided services to the Trustee are as follows:

- Deborah L. Dobbin (abbreviated as "DD" in Time Records). She is a 1995 graduate with honors, of Brooklyn Law School. Ms. Dobbin previously clerked for a Bankruptcy Judge in the Eastern District of New York. She was admitted to practice in both the Courts of this State as well as this Court in 1996. In addition, Ms. Dobbin is admitted to practice before the Southern District of New York, the U.S. Court of Appeals for the Second Circuit and the U.S. Supreme Court. Ms. Dobbin has been associated with this firm since September, 2002.

## ALLOWANCE OF COMPENSATION

6. The professional services rendered by Law Firm to Trustee required the expenditure of substantial time and effort. As set forth in "Exhibit A", during the pendency of Debtor's Chapter 7 case, Law Firm expended 22.70 hours rendering legal services to Trustee, having an aggregate monetary value of $13,035.40. Law Firm's blended hourly rate in this case is $574.25. Law Firm requests first and final allowance in the amount of $13,035.40 as compensation, and reimbursement of expenses in the full amount of $33.77.

7. The professional services rendered by Law Firm on behalf of the Trustee were necessary and appropriate in furtherance of the interests of the Trustee, and were of material benefit to the Trustee and the Debtor's estate.

## BASIS FOR RELIEF

8. Bankruptcy Code section 330(a)(1) provides that a bankruptcy court may award: "(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement of actual, necessary expenses." *11 U.S.C. § 330(a)(1).*

9. Bankruptcy Code section 330(a)(3) directs Courts to consider the nature, extent and value of the services by taking into account relevant factors, which include: (i) the time spent on such services; (ii) the rates charged for such services; (iii) whether the services were necessary in the administration of, or beneficial at the time at which services were rendered toward the completion or, a case under the Code; (iv) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; (v) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (vi) whether the

compensation is reasonable based upon the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. *11 U.S.C. § 330(a)(3).*

10. Under the Second Circuit standard, an award of fees to professional is a prospective one, not based on hindsight, but rather based upon what services a reasonable lawyer would render under the circumstances. *See, e.g., In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 77 (2d Cir. 1996).

11. Bankruptcy Code section 330 was enacted to increase the attorney fees awarded to attorneys in bankruptcy cases so that quality bankruptcy counsel would be attracted to practice in the bankruptcy field. The legislative statement to Bankruptcy Code section 330 reflects as follows:

> Section 330(a) contains the standard of compensation adopted in H.R. 8200 as passed by the House rather than the contrary standard contained in the Senate amendment. Attorneys' fees in bankruptcy cases can be quite large and should be closely examined by the Court. However, bankruptcy legal services are entitled to command the same competency of counsel as other cases. In that light, the policy of this Section is to compensate attorneys and other professionals serving in a case under Title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services other than in a case under a Title 11. Contrary language in the Senate report accompanying S. 2266 is rejected and *Massachusetts Mutual Life Insurance Company v. Brock* (citations omitted) is overruled. Notions of economy of the estate and fixing fees are outdated and have no place in the Bankruptcy Code.

12. The bankruptcy rates charged by Law Firm are the same rates charged by this firm for non-bankruptcy matters. The fees charged in this case, to wit: $300.00 - $590.00 per hour for associates' time, are well within the range of fees charged both in and out of the bankruptcy court in the New York metropolitan area. Law Firm has previously been awarded fees at similar rates in cases in which Law Firm represented Chapter 7 Trustees in the Eastern District of New York, to wit the cases of: Emani Taylor, Case No.: 17-46112-jmm; Brooklyn Peace, LLC d/b/a D'mai Urban Spa, Case No.: 20-43946-ess; Terry Felicia Wilson, Case No.: 21-40003-ess; Seth R.

4

Appelbaum and Alyssa B. Friedman, Case No. 21-41889-jmm; Manjit s. Grewal, Case No.: 20-42074-ess; Donald Singh a/k/a Donald D. Singh, Case No. 20-43456-nhl; Dalip Singh, Case No.: 19-46777-ess; Nube Rocio Lucas, Case No.: 20-41537-nhl; Arthur A. Santopietro, Jr., Case No. 21-42384-ess; SM Rafiq Morshed, Case No. 21−41293−ess; 146 Ross LLC, Case No. 22-40818-nhl; Juan P. Aviles a/k/a Juan Aviles, Case No. 21-41028-ess; Robert Smallwood, Case No. 20-42708-nhl; and Mikhail Kats and Veronika Kats, Case No. 21-43138-nhl.

13. This Court is undoubtedly aware of the respective hourly rates charged by bankruptcy firms in the New York metropolitan area and it is respectfully requested that this Court take judicial notice of the fact that Law Firm's rates are below the rates charged by many New York metropolitan area firms. Law Firm believes that its fees are reasonable in light of the issues that presented in this case and the resolution of same.

14. In compliance with the United States Trustee guidelines, a certification of Avrum J. Rosen, Esq., a shareholder of Law Firm, is being submitted contemporaneously herewith, attesting that the time records (annexed hereto as "Exhibit A") set forth in detail and in appropriate time increments the services that Law Firm performed on behalf of Trustee and Debtor's estate. The dates upon which such services were rendered, the nature of such services, time spent and the identity of the professional, or paraprofessional, who rendered such services, are all indicated.

15. Law Firm respectfully submits that application of the foregoing criteria more than justifies allowing and awarding payment of the compensation requested in this Application since the number of hours expended and the hourly rates of Law Firm are more than reasonable.

**BACKGROUND**

16. On August 18, 2023, the Debtor filed a voluntary petition for under the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

17. Debra Kramer was appointed the interim Chapter 7 Trustee of the Debtor's estate, and has since qualified as, and is, the permanent Trustee in this matter.

**RETENTION APPLICATIONS AND FEE APPLICATION**

18. Law Firm prepared an application seeking entry of an Order authorizing Trustee to retain Law Firm effective as of December 11, 2023. On December 27, 2023 [ECF Doc. No. 34], the Court entered an Order authorizing Trustee to retain Law Firm, as her counsel, without objection from the US Trustee. Law Firm prepared this First and Final Fee Application.

**SETTLEMENT AND MOTION PURSUANT TO FED. R. BANKR. P. 9019**

19. Prior to the Chapter 7 Case, on or about June 13, 2017, the Debtor filed a voluntary petition for Chapter 13 relief under case number 17-43078-nhl (the "Chapter 13 Case"). By Order dated January 25, 2019, entered in the Chapter 13 Case, this Court authorized the sale of the Debtor's 100% interest in premises known as 58-64 43rd Avenue, Woodside, New York, Block 1333, Lot 80, in the Borough of Queens (the "Woodside Property") to Xiao Fei Chen for the sum of $1,500,000.00.

20. Law Firm reviewed the electronic docket in the Chapter 13 Case, the Chapter 13 Plan and the Orders entered in the Chapter 13 Case. After paying all amounts due under the Chapter 13 Plan that was filed in the Chapter 13 Case, which Plan was confirmed on March 22, 2019, and paying Wells Fargo Bank, N.A. the total amount of their secured claim, the brokers fee and amounts due to the title company, the Debtor received sale proceeds in the total sum of $504,287.20 (the "Sale Proceeds").

21. Prior to confirmation of the Chapter 13 Plan and prior to sale of the Woodside Property, the Debtor failed to disclose that (1) a money judgment had been entered on January 1, 2018, in favor of MG Retail LLC against Spice Berry Inc. for unpaid rent pursuant to a lease of commercial space which payment obligations the Debtor personally guaranteed; and (2) MG Retail LLC had commenced an action in New York County Supreme Court (the "State Court") against the Debtor to recover under the personal guarantee. Law Firm reviewed the pleadings filed in the State Court.

22. It appears from the Trustee's investigation that the Debtor transferred a portion of the Sale Proceeds of the Woodside Property to Alam Properties Inc. (or to Sumaiya Alam, the daughter of the Debtor), which proceeds were used towards the purchase of the premises known as 84-08 129th Street, Kew Gardens, New York, Block 9249, Lot 15, in the Borough of Queens (the "Kew Gardens Property") on or about March 18, 2019.

23. Law Firm reviewed the records of the Automated City Register Information System maintained by the New York City Department of Finance, Office of the City Register ("ACRIS"), and determined that by deed, dated January 31, 2020, Alam Properties, Inc. further transferred the Kew Gardens Property to Sumaiya Alam, for no consideration.

24. MG Retail LLC commenced a special proceeding in the Supreme Court, Queens County against the Debtor under Index No. 716636/2023 by filing a post-judgment petition and a Notice of Pendency of Action with respect to the Kew Gardens Property seeking to set aside the transfer of proceeds of sale from the Woodside Property to Alam Properties, Inc. which then purchased the Kew Gardens Property. Law Firm communicated with MG Retail LLC, the largest creditor of the Debtor's estate and requested documents supporting their claim and documents relied upon in preparing their special proceeding.

25. In an effort to settle a potential action to set aside the transfer of the Sale Proceeds, Law Firm communicated with counsel for the Debtor over a period of several months. Ultimately, Trustee's claims with respect to the Sales Proceeds was settled for the total sum of $130,000.00, a portion of which funds came from a refinancing the mortgage in connection with the Kew Gardens Property (the "Refinance").

26. Law Firm communicated with the title company in connection with the Refinance. In order to clear an exception to title, it was requested that MG Retail LLC provide a letter undertaking in connection with the Refinance, that upon closing of the Refinance and payment of the total sum of One Hundred Thirty Thousand Dollars ($130,000.00) (the "Settlement Sum") to the Trustee, it will file a Notice of Cancellation of Notice of Pendency. Law Firm communicated with both MG Retail, LLC, counsel for the Debtor and the title company to obtain the letter undertaking. In addition, as part of the settlement negotiations, MG Retail LLC agreed that within seven (7) business days of payment to the Trustee of the Settlement Sum, that MG Retail LLC would file a stipulation discontinuing the Special Proceeding. MG Retail agreed to be a signatory to the Stipulation of Settlement.

27. In an effort to resolve a potential controversy without the need for additional Court intervention and without commencing an adversary proceeding against Alam Properties, Inc. and Sumaiya Alam, without having to incur litigation costs in proceeding to trial and obtaining a judgment, and without the costs and expense of marketing and selling the Kew Gardens Property for the benefit of creditors, Law Firm negotiated a consensual resolution of the issues.

28. Law Firm prepared a Stipulation of Settlement in the total sum of $130,000.00, circulated the Stipulation of Settlement and made revisions as part of its settlement negotiations.

29. Law Firm prepared a motion pursuant to Federal Rules of Bankruptcy Procedure 9019(a) seeking entry of an order authorizing the Trustee to enter into and approving a Settlement Agreement (the "9019 Motion"). Law Firm appeared at the hearing held in in connection with the 9019 Motion.

30. law Firm engaged in multiple telephonic and email correspondence with counsel for the Debtor, the title company with respect to the refinance, and with Matthew Herman, Esq., the attorney for MB Retail.

### EXTENSION OF TIME TO OBJECT TO THE DEBTOR'S DISCHARGE

31. The Law Firm prepared several stipulations extending the time for the Trustee to object to the Debtor's discharge. The Law Firm circulated the stipulations for signature and uploaded same to the Court for entry.

### MISCELLANEOUS SERVICES AND GENERAL APPEARANCES

32. The Law Firm reviewed relevant documents filed in connection with the Debtor's bankruptcy case.

33. During the course of the administration of this estate, Law Firm communicated with the Trustee and counsel for the Debtor in an effort to settle the issues raised with respect to the Debtor's estate.

34. Moreover, Law Firm engaged in extensive and protracted negotiations which led to the settlement and ultimately the wind down of this estate. As discussed above, the Trustee, through the Law Firm, was instrumental in negotiating and finalizing a settlement that led to a meaningful $130,000.00 recovery.

## REIMBURSEMENT OF DISBURSEMENTS

35. Law Firm seeks reimbursement and payment in the amount of $33.77 for disbursements ("Disbursements") incurred by Law Firm on behalf of Trustee during the administration of Debtor's case.

36. At various times throughout the administration of this case, it became necessary for Law Firm to expend certain funds to allow for the efficient and proper administration thereof. An itemization of the Disbursements for the fee period is set forth in "Exhibit A". Law Firm respectfully submits that its Disbursements were fair, reasonable and necessary to the administration of this estate. Law Firm further submits that its reimbursement of these Disbursements comports with the Bankruptcy Code, Bankruptcy Rules, the Local Rules and US Trustee Guidelines.

37. Law Firm includes the following items in the calculation of its overhead and operating expenses which are included in the Firm's hourly rates, and thus are not included as disbursements:

   a. secretarial time;

   b. receipt and transmission of facsimiles;

   c. telephone calls (excluding frequent long-distance telephone calls);

   d. postage for correspondence and litigation documents, other than those which require significant or exceptional mailings; and

   e. photocopies for correspondence and litigation documents, other than those which require significant or exceptional photocopying.

38. Those items which are not included in the overhead of Law Firm are as follows, and thus are included as disbursements in Law Firm's time records annexed hereto, for which reimbursement is sought herein:

  a.  parking, train and subway fare for Court appearances;

  b.  extraordinary expenses for copying and postage (i.e. the printing of plans, disclosure statements and other lengthy motions which must be served on the entire creditor body);

  c.  overnight mail expenses (i.e. Federal Express, UPS); and

  d.  third party vendor fees Law Firm incurred utilizing Public Access to Records ("Pacer") to monitor the Clerk of the Court's electronic docket of Debtor's case, and/or Lexis Advance to undertake legal research during the administration of Debtor's case, when necessary and appropriate.

## NOTICE

39.  This Application has been filed with the Clerk of the Court and: (i) notice of the Application and Application shall be provided to the Debtor, the US Trustee and all parties who have filed notices of appearance in the Debtor's case; and (ii) notice of the Application shall be provided to all creditors, parties who have filed proofs of claims, and parties in interest, at least twenty-one (21) days in advance of the hearing scheduled hereon.

## NO PRIOR REQUEST

40.  No previous application for the relief requested herein has been made to this or any other court.

  **WHEREFORE**, The Law Offices of Avrum J. Rosen, PLLC, as counsel to the Trustee, respectfully requests that this Honorable Court enter an Order, awarding professional fees in the sum of $13,035.40 and expenses in the sum of $33.77 for a first and final award of compensation and reimbursement of expenses in the total amount of $13,069.40, together with such other and

further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
March 31, 2025

                                              The Law Offices of Avrum J. Rosen, PLLC
*Attorneys for Debra Kramer, Trustee*

By:    */s/Deborah L. Dobbin*
        Deborah L. Dobbin
        38 New Street
        Huntington, New York 11743
        (631) 423-8527
        ddobbin@ajrlawny.com

Rosen, Tsionis & Pizzo, PLLC f/k/a
Law Offices of Avrum J. Rosen, PLLC
*Attorneys for Debra Kramer, Chapter 7 Trustee*
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 7

    BEGUM S. NASSA,                                      Case No.: 23-42961-nhl

               Debtor.
-----------------------------------------------------------x

**CERTIFICATION OF AVRUM J. ROSEN, ESQ. AS TO FIRST AND FINAL APPLICATION OF ROSEN, TSIONIS & PIZZO, PLLC F/K/A LAW OFFICES OF AVRUM J. ROSEN, PLLC COUNSEL TO TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO SECTIONS 327, 328 AND 330 OF THE U.S. BANKRUPTCY CODE AND RULES 2002 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AS REQUIRED BY THE LOCAL RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK AND GENERAL ORDER 613**

TO:    HONORABLE NANCY HERSHEY LORD
         UNITED STATES BANKRUPTCY JUDGE

    Avrum J. Rosen, Esq., an attorney duly admitted to practice law before the Courts of the State of New York and before this Honorable Court, and the shareholder ("Certifying Professional") designated by applicant Rosen, Tsionis & Pizzo, PLLC f/k/a Law Offices of Avrum J. Rosen, PLLC ("Applicant"), with the responsibility in this particular case for complying with the Amended Guidelines pursuant to the Local Rules for the United States Bankruptcy Court, Eastern District of New York, and General Order 613, affirms the following to be true under the penalties of perjury, and states as follows:

    1.    Certifying Professional has read the application seeking entry of an Order authorizing Applicant's allowance of compensation and reimbursement of out-of-pocket expenses

incurred related to its representation of Debra Kramer, Chapter 7 trustee ("Trustee") in the above-captioned estate.

2. Applicant expended 22.70 hours in rendering legal services to Trustee, having an aggregate monetary value of $13,035.40, related to its representation of Trustee in this estate.

3. To the best of Certifying Professional's knowledge, information and belief formed after a reasonable inquiry, the fees and disbursements sought fall within these Amended Guidelines as well as those Guidelines established by the Office of the United States Trustee, except to the extent that the application specifically notes otherwise and is duly noted in this certification.

4. Except to the extent that fees or disbursements are prohibited by the Amended Guidelines or Guidelines established by the Office of the United States Trustee, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients.

5. In providing a reimbursable service, Applicant does not make a profit on that service, whether the service is performed by the Applicant in-house or through a third party.

6. Certifying Professional further states that Applicant provided Trustee with billing updates on a periodic basis, in order to continually keep Trustee apprised of the accrual of fees and disbursements incurred by the estate during the pendency of this case. These periodic updates provided Trustee a list of professionals and paraprofessional that have and continue to provide services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a general description of the services rendered, a reasonably detailed breakdown of the fees and disbursements incurred and an explanation of billing practices.

7. Certifying Professional further states that the Trustee, the Court and the Office of the United States Trustee have each been provided with a copy of the Application seeking an award

of reimbursement of expenses, more than twenty-one (21) days before the date set by the Court for the hearing on the Application.

Dated: Huntington, New York
March 31, 2025

                                        BY:    /s/ Avrum J. Rosen
                                                          Avrum J. Rosen, Esq.
                                                          Certifying Professional

**Professional Fees & Expenses**

| Attorney | Blended Rate | Hours | Total |
|---|---|---|---|
| Deborah Dobbin | $ 574.25 | 22.7 | $ 13,035.40 |

| Expenses | | | Total |
|---|---|---|---|
| Expenses | | | $ 33.77 |

| **Grand Total** | | | **$ 13,069.17** |

| Date | User | Category | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| 12/12/2024 | Deborah Dobbin | A103 Draft/revise B120 Asset Analysis and Recovery | Review of Sally Attia's changes and advise that certain provisions cannot be omitted. Revise stipulation to incorporate changes. Send detailed email and redline to | 0.7 | 570 | 399 |
| 12/26/2024 | Deborah Dobbin | A103 Draft/revise B120 Asset Analysis and Recovery | Revise stipulation and circulate to client for review | 0.5 | 570 | 285 |
| | | | | 1.2 | $ | 684.00 |
| 12/6/2024 | Deborah Dobbin | A106 Communicate (with client) B120 Asset Analysis and Recovery | Email with trustee and modify stipulation to provide for payment upon refinance | 0.2 | 570 | 114 |
| 12/17/2024 | Deborah Dobbin | A106 Communicate (with client) B120 Asset Analysis and Recovery | Email with trustee as to timing of closing | 0.1 | 570 | 57 |
| 12/20/2024 | Deborah Dobbin | A106 Communicate (with client) B120 Asset Analysis and Recovery | Provide detailed status update to client | 0.2 | 570 | 114 |
| 12/26/2024 | Deborah Dobbin | A106 Communicate (with client) B120 Asset Analysis and Recovery | Provide status to trustee regarding structure of payments and largest creditor signing off on stipulation | 0.2 | 570 | 114 |
| 1/31/2025 | Deborah Dobbin | A106 Communicate (with client) B120 Asset Analysis and Recovery | Emails with client as to finalizing settlement | 0.2 | 570 | 114 |
| | | | | 0.9 | $ | 513.00 |
| 2/7/2025 | Deborah Dobbin | A106 Communicate (with client) B130 Asset Disposition | Email with trustee regarding closing on refinance and payment of settlement sums | 0.1 | 570 | 57 |
| | | | | 0.1 | $ | 57.00 |
| 12/11/2024 | Deborah Dobbin | A107 Communicate (other outside counsel) B120 Asset Analysis and Recovery | Multiple emails with debtor's counsel regarding timing of | 0.2 | 570 | 114 |
| 12/17/2024 | Deborah Dobbin | A107 Communicate (other outside counsel) B120 Asset Analysis and Recovery | Telephone conference with Sally Attia regarding timing of refinance and that it is still in the underwriting process | 0.1 | 570 | 57 |
| 12/20/2024 | Deborah Dobbin | A107 Communicate (other outside counsel) B120 Asset Analysis and Recovery | Telephone conference with debtor's counsel regarding | 0.1 | 570 | 57 |
| 12/23/2024 | Deborah Dobbin | A107 Communicate (other outside counsel) B120 Asset Analysis and Recovery | Email with Matthew Herman, Esq. inquiring whether he will be signatory to stipulation of settlement and agree to | 0.2 | 570 | 114 |
| 12/23/2024 | Deborah Dobbin | A107 Communicate (other outside counsel) B120 Asset Analysis and Recovery | Telephone conference with Sally Attia, Esq. regarding her request to add largest creditor as signatory to stipulation | 0.2 | 570 | 114 |
| 1/6/2025 | Deborah Dobbin | A107 Communicate (other outside counsel) B120 Asset Analysis and Recovery | Email update with Matthew Herman, Esq. | 0.1 | 570 | 57 |
| 1/16/2025 | Deborah Dobbin | A107 Communicate (other outside counsel) B120 Asset Analysis and Recovery | Email debtor's counsel as to status of refinance and advising that largest creditor signed off on stipulation of | 0.1 | 570 | 57 |
| 2/4/2025 | Deborah Dobbin | A107 Communicate (other outside counsel) B120 Asset Analysis and Recovery | Multiple follow-up emails with Sally Attia regarding obtaining fully executed stipulation of settlement | 0.2 | 570 | 114 |
| 1/21/2025 | Deborah Dobbin | A107 Communicate (other outside counsel) B130 Asset Disposition | checks at closing and requesting that she and Alam sign stipulation | 0.2 | 570 | 114 |
| | | | | 1.4 | $ | 798.00 |
| 12/5/2024 | Deborah Dobbin | A108 Communicate (other external) B120 Asset Analysis and Recovery | Multiple emails with title company as to status of | 0.2 | 570 | 114 |
| 1/31/2025 | Deborah Dobbin | A108 Communicate (other external) B130 Asset Disposition | Emails with title company and debtor's counsel as to how to cut checks at closing scheduled for 2/5/25 | 0.2 | 570 | 114 |
| 2/10/2025 | Deborah Dobbin | A108 Communicate (other external) B130 Asset Disposition | Email Matthew Herman and advise that closing occurred | 0.1 | 570 | 57 |
| 2/10/2025 | Deborah Dobbin | A108 Communicate (other external) B130 Asset Disposition | trustee | 0.2 | 570 | 114 |
| | | | | 0.7 | $ | 399.00 |
| 3/15/2024 | Deborah Dobbin | Asset Analysis and Recovery | Initial settlement discussion with debtor's counsel and forward State Court pleadings for her review of trustee's | 0.3 | 570 | 171 |
| 4/18/2024 | Deborah Dobbin | Asset Analysis and Recovery | Review sale of Woodside property in Chapter 13 and review of personal guaranty of lease with MG Retail and lack of notice provided during Chapter 13 | 1.1 | 570 | 627 |

| Date | User | Category | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| 5/16/2024 | Deborah Dobbin | Asset Analysis and Recovery | Telephone conference with counsel for largest creditor regarding State Court litigation, request documents | 0.2 | 570 | 114 |
| 5/20/2024 | Deborah Dobbin | Asset Analysis and Recovery | Review documents provided by counsel for largest creditor regarding fraudulent transfer(s) | 0.3 | 570 | 171 |
| | | | | 1.9 | | $ 1,083.00 |
| 11/5/2024 | Deborah Dobbin | Asset Disposition | Telephone conference with Sumaiya Alam's title company regarding timing of refinance and their need for a letter undertaking from largest creditor MG Retail LLC | 0.1 | 570 | 57 |
| 11/5/2024 | Deborah Dobbin | Asset Disposition | Multiple emails with Matthew Herman, Esq. regarding providing a letter undertaking to title company | 0.2 | 570 | 114 |
| 3/24/2025 | Deborah Dobbin | Asset Disposition | discontinuing state court action and canceling lis pendens | 0.2 | 590 | 118 |
| | | | | 0.5 | | $ 289.00 |
| 12/11/2023 | Deborah Dobbin | Case Administration | Review of petition, schedules, ACRIS and prior chapter 13 filing, orders, plan and schedules | 1.9 | 570 | 1083 |
| 5/23/2024 | Deborah Dobbin | Case Administration | Email debtor's counsel in response to their inquiry of whether appearance is required at adjourned 341 | 0.1 | 570 | 57 |
| 8/9/2024 | Deborah Dobbin | Case Administration | Prepare stipulation further extending time to object to discharge, email debtor's counsel and upload to ECF | 0.2 | 570 | 114 |
| | | | | 2.2 | | $ 1,254.00 |
| 12/21/2022 | Deborah Dobbin | Fee Employment Applications | Revise application, efile and upload to ECF | 0.5 | 570 | 285 |
| 12/11/2023 | Deborah Dobbin | Fee Employment Applications | Prepare retention application, affidavit of no adverse interest and proposed order | 1.1 | 570 | 627 |
| 12/21/2023 | Deborah Dobbin | Fee Employment Applications | Prepare retention application, affidavit of no adverse interest and proposed order and circulate with trustee for | 1.2 | 597 | 716.4 |
| 2/12/2024 | Deborah Dobbin | Fee Employment Applications | Prepare and file supplemental rate increase affidavit | 0.3 | 570 | 171 |
| 3/24/2025 | Deborah Dobbin | Fee Employment Applications | Prepare final fee application and certification | 1.5 | 590 | 885 |
| 3/31/2025 | Deborah Dobbin | Fee Employment Applications | certification | 0.7 | 590 | 413 |
| | | | | 5.3 | | $ 3,097.40 |
| 2/1/2024 | Deborah Dobbin | Litigation | Prepare stipulation extending time to object to the debtor's discharge and send to debtor's counsel for | 0.5 | 570 | 285 |
| 3/15/2024 | Deborah Dobbin | Litigation | Prepare demand letter to Alam Properties and Sumaiya | 0.4 | 570 | 228 |
| 3/29/2024 | Deborah Dobbin | Litigation | Follow up email with debtor's counsel regarding potential | 0.1 | 570 | 57 |
| 4/18/2024 | Deborah Dobbin | Litigation | Continued settlement discussion with debtor's counsel | 0.1 | 570 | 57 |
| 4/25/2024 | Deborah Dobbin | Litigation | Follow-up email with debtor's counsel inquiring whether her daughter will be retaining separate counsel | 0.1 | 570 | 57 |
| 5/1/2024 | Deborah Dobbin | Litigation | Settlement discussion with Debtor's counsel | 0.2 | 570 | 114 |
| 5/2/2024 | Deborah Dobbin | Litigation | Detailed email to trustee of status of case and settlement proposal with analysis | 0.3 | 570 | 171 |
| 5/13/2024 | Deborah Dobbin | Litigation | Prepare stipulation further extending time to object to the debtor's discharge and email to debtor's counsel for | 0.3 | 570 | 171 |
| 5/15/2024 | Deborah Dobbin | Litigation | Follow-up email with trustee regarding initial settlement | 0.2 | 570 | 114 |
| 5/16/2024 | Deborah Dobbin | Litigation | Follow-up email with debtor's counsel advising that we are rejecting initial settlement offer as well-below the | 0.1 | 570 | 57 |

| Date | User | Category | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| 5/28/2024 | Deborah Dobbin | Litigation | Further settlement discussion with debtor's counsel Sally | 0.2 | 570 | 114 |
| 5/28/2024 | Deborah Dobbin | Litigation | Telephone conference with trustee advising of increased | 0.1 | 570 | 57 |
| 5/28/2024 | Deborah Dobbin | Litigation | Multiple emails with Matthew Herman, Esq., counsel for largest creditor, regarding causes of action against Alam | 0.2 | 570 | 114 |
| 6/6/2024 | Deborah Dobbin | Litigation | Email to debtor's counsel regarding second settlement offer and rejecting same and requesting additional | 0.2 | 570 | 114 |
| 6/11/2024 | Deborah Dobbin | Litigation | Emails with debtor's counsel regarding additional | 0.1 | 570 | 57 |
| 6/13/2024 | Deborah Dobbin | Litigation | Email and telephone conference with trustee regarding counter offer to new settlement proposal | 0.2 | 570 | 114 |
| 7/1/2024 | Deborah Dobbin | Litigation | Email counter offer to debtor's counsel | 0.1 | 570 | 57 |
| 7/15/2024 | Deborah Dobbin | Litigation | Telephone conference with Matthew Herman Esq. regarding settlement proposal and whether or not his | 0.2 | 570 | 114 |
| 7/16/2024 | Deborah Dobbin | Litigation | Follow up emails with debtor's counsel regarding | 0.1 | 570 | 57 |
| 8/9/2024 | Deborah Dobbin | Litigation | Detailed settlement analysis and correspondence with | 0.2 | 570 | 114 |
| 8/20/2024 | Deborah Dobbin | Litigation | Follow-up emails with Matthew Herman, Esq. regarding settlement proposal | 0.1 | 570 | 57 |
| 8/22/2024 | Deborah Dobbin | Litigation | Email status to trustee and advise of consent by largest | 0.1 | 570 | 57 |
| 9/18/2024 | Deborah Dobbin | Litigation | Email with Matthew Herman, Esq. as to status of settlement and timing of payment | 0.1 | 570 | 57 |
| 10/1/2024 | Deborah Dobbin | Litigation | Telephone conference with Sally Attia regarding settlement payments and potential for lump sum payment | 0.1 | 570 | 57 |
| 10/15/2024 | Deborah Dobbin | Litigation | Further emails with Matthew Herman, Esq. as to status of settlement and timing of payment | 0.1 | 570 | 57 |
| 11/5/2024 | Deborah Dobbin | Litigation | Prepare initial draft of stipulation of settlement and forward to trustee for review | 1.4 | 570 | 798 |
| 11/8/2024 | Deborah Dobbin | Litigation | Prepare stipulation further extending trustee's time to object to debtor's discharge and forward to debtor's | 0.2 | 570 | 114 |
| 11/11/2024 | Deborah Dobbin | Litigation | Conference with trustee and revise stipulation of | 0.4 | 570 | 228 |
| 2/13/2025 | Deborah Dobbin | Litigation | Email chambers regarding hearing date on 9019 motion | 0.1 | 570 | 57 |
| 2/13/2025 | Deborah Dobbin | Litigation | Prepare 9019 motion and proposed order, serve and efile | 1.2 | 570 | 684 |
| 3/20/2025 | Deborah Dobbin | Litigation | Court appearance for hearing on 9019 Motion | 0.8 | 590 | 472 |
|  |  |  |  | 8.5 |  | $ 4,861.00 |
|  |  |  | **GRAND TOTALS** | 22.7 |  | $13,035.40 |

| Date | User | Category | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| 2/14/2025 | Everlyn Meade | $expense | postage charge to mail 9019 motion | 1 | 10.67 | 10.67 |
| 2/14/2025 | Everlyn Meade | $expense | photocopy charge to copy 9019 motion; 231 pages @$.10 per page | 1 | 23.1 | 23.1 |
| | | | **GRAND TOTAL** | | | 33.77 |